Matter of Angarano v Crucible Materials Corp. (2020 NY Slip Op 00202)





Matter of Angarano v Crucible Materials Corp.


2020 NY Slip Op 00202


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

529091

[*1]In the Matter of the Claim of Paul Angarano, Appellant,
v
Crucible Materials Corp., et al., Respondents. Workers' Compensaton Board, Respondent.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Aaron Zimmerman, Syracuse, for appellant.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed December 5, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by a Workers' Compensation Law Judge.
Claimant has two established claims for workers' compensation benefits, one for an injury to his lower back that he sustained in 2005 and another for injuries to his neck and upper back that he sustained in 2015. He subsequently retired and, during further proceedings involving both claims, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled, among other things, that claimant's retirement was voluntary and that he was not entitled to an award of reduced earnings with respect to either claim. Claimant sought review of the WCLJ's decision and his counsel filed a RB-89 form with the Workers' Compensation Board. Under question number 12, which requests information concerning the basis of the appeal, claimant's counsel responded, "As allowed by the RB89 rules, attached is claimant's brief." Under question number 13, which requests information such as the hearing dates, transcripts, documents, exhibits and other evidence, claimant's counsel responded, "The relevant items from the [Electronic Case File] are referenced in claimant's legal brief." A panel of the Board concluded that these responses were deficient and that claimant's application was incomplete, resulting in the Board's denial of his application for review of the WCLJ's decision. Claimant appeals.
Claimant argues, among other things, that the Board's decision denying him review of the WCLJ's decision based on minor irregularities and technical errors in the RB-89 form is arbitrary and capricious. We disagree. This Court has recognized that, "[p]ursuant to Workers' Compensation Law § 117 (1), '[t]he [B]oard may adopt reasonable rules consistent with and supplemental to the provisions of the [Workers' Compensation Law],' and the Chair of the Board, in turn, 'may make reasonable regulations consistent with the provisions [there]of'" (Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1746 [2019], quoting Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574 [2018]). For those claimants who are represented by counsel, the Board's regulations require that the application for review of the WCLJ's decision "be in the format prescribed by the Chair [of the Board]" and that the application "be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1256 [2019]). The Chair has issued a publication providing guidance on this requirement, which states that applications are "filled out completely" if "each section or item of form RB-89 . . . is completed in its entirety pursuant to the instructions for each form" and that a form is not filled out completely "when a party responds to sections or items on the form merely by referring to the attached legal brief or other documentation without further explanation" (Workers' Comp Bd Release Subject No. 046-940; see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d at 1282; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1012 [2019], lv denied ___ NY3d ___ [Dec. 19, 2019]; Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1004-1005 [2019]).
Moreover, the Board has indicated that the RB-89 form is the actual application for review and not merely a cover sheet (see Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13 at 3; see also Matter of Williams v Village of Copenhagen, 175 AD3d at 1747). Accordingly, its regulations provide that, for those claimants who are represented by counsel, the Board may deny an application for review due to the failure to "comply with the prescribed formatting, completion and service submission requirements" (12 NYCRR 300.13 [b] [4] [i]; see Matter of Jones v Human Resource Admin., 174 AD3d at 1012; Matter of Perry v Main Bros Oil Co., 174 AD3d at 1258).
Here, the RB-89 form prepared by claimant's counsel clearly did not comply with the formatting requirements, as the responses to question numbers 12 and 13 failed to contain any substantive information, but referred to claimant's brief. In situations such as this, this Court has consistently found that the Board acted within its discretionary authority to deny applications for review (see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d at 1283; Matter of Williams v Village of Copenhagen, 175 AD3d at 1748; Matter of Perry v Main Bros Oil Co., 174 AD3d at 1259-1260; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1198 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d at 1013). Accordingly, we reach the same conclusion here and find no reason to disturb the Board's decision. We have considered claimant's constitutional challenges to the subject regulations and find them to be unavailing.
Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.